IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TIMOTHY DEAN STONE, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | A-08-CA-018-SS |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director, Texas Dept. of Criminal Justice- | § | |
| Correctional Institutions | § | |
| Division, | § | |
|     Respondent. | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

To:   The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and Petitioner's Memorandum of Law and Brief in Support (Document 2). Petitioner, proceeding pro se, has paid the appropriate filing fee. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed in part and denied in part.

**I.  STATEMENT OF THE CASE**

**A.   Petitioner's Criminal History**

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 277th Judicial District Court of Williamson County, Texas. Petitioner asserts he pled guilty

to five counts of aggravated sexual assault of a child.  On October 9, 2003, the jury assessed punishment for each count at imprisonment for 50 years.  Petitioner's convictions were affirmed by the Third Court of Appeals of Texas on July 1, 2004.  Stone v. State, No. 03-03-00757-CR, 2004 WL 1469001(Tex. App. – Austin 2004, no pet.).  Petitioner challenged his convictions in a state application for habeas corpus relief.  Ex parte Stone, Appl. No. 63,804-01.  Petitioner asserts the state application was filed on August 17, 2005.  The Texas Court of Criminal Appeals denied it without written order on January 18, 2006.  Petitioner asserts he filed a subsequent application in June 2007, which was dismissed as successive on August 1, 2007.  Ex parte Stone, Appl. No. 63,804-02.

      The Director also has custody of Petitioner pursuant to a judgment and sentence of the 33rd Judicial District Court of Burnet County, Texas.  In Burnet County Petitioner was convicted of aggravated sexual assault of the same child and was sentenced to 20 years in prison on June 13, 2003.  Petitioner's conviction was affirmed by the Third Court of Appeals of Texas on March 10, 2005.  Stone v. State, No. 03-03-00594-CR (Tex. App. – Austin 2005, no pet.).  It does not appear that Petitioner challenged his Burnet County conviction in a state application for habeas corpus relief.

**B.     Petitioner's Grounds for Relief**

      Petitioner argues newly discovered evidence shows Petitioner's Williamson County convictions and sentences violate the Double Jeopardy Clause.  Petitioner explains the Williamson County charges were introduced as unadjudicated extraneous offenses at his punishment trial in Burnet County.  Petitioner asserts the State in the Burnet County trial intended for Petitioner to be punished for all of the alleged sexual encounters with the victim regardless of whether the offense

2

occurred in Burnet County or Williamson County. Petitioner maintains the jury was confused and thought they were to set punishment for both the Williamson County and Burnet County offenses. Because Petitioner believes he was punished for the Williamson County charges in the Burnet County case, he argues his convictions and sentences in Williamson County are barred by double jeopardy. Petitioner presented to the state habeas court in his second application for habeas corpus relief the affidavits of three jurors in the Burnet County case to support his argument. The state court failed to consider the affidavits and dismissed Petitioner's second application as successive. Petitioner contends his due process rights were violated as a result.

## II.   DISCUSSION AND ANALYSIS

**A.     Infirmities in State Habeas Corpus Proceedings**

To the extent Petitioner complains the Texas Court of Criminal Appeals and the state trial court did not adequately consider his second application for habeas corpus, his claim fails. Infirmities in state habeas corpus proceedings do not constitute grounds for federal habeas corpus relief. Wheat v. Johnson, 238 F.3d 357, 361 (5th Cir. 2001); Vail v. Procunier, 747 F.2d 277 (5th Cir. 1984).

**B.     The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"].[1] The AEDPA amended 28 U.S.C. § 2244 to provide a statute of limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. That section provides, in relevant part:

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's Williamson County convictions became final, at the latest, on July 30, 2004, at the conclusion of time during which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals, which according to Tex. R. App. R. 68.2, is 30 days following the court of appeals' judgment affirming his conviction. Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003) ("The one-year limitations period began to run . . . when the 30-day period for filing a petition for discretionary review in state court ended."). Accordingly, Petitioner had until July 30, 2005, to timely file his federal application for habeas corpus relief challenging his Williamson County convictions . Petitioner did not execute his federal application until December 21, 2007, well after the limitations period had already expired. Petitioner's state applications for habeas corpus relief did not operate to toll the limitations period, because they were also filed after the expiration of the limitations period.

Petitioner likely believes his limitations period did not begin until he obtained the jurors' affidavits to support his claim.  However, Petitioner clearly knew the existence of his claim at the time of his Williamson County trial, as he clearly describes the punishment hearing in Burnet County and the State's intent to have the jury punish him for the sexual assaults occurring in both Burnet and Williamson Counties.  Petitioner's claim did not accrue when he obtained evidence to support his claim and the limitations period is not tolled during the time it took Petitioner to gather his evidence. See Flanagan v. Johnson, 154 F.3d 196, 198-199 (5th Cir. 1998) (no statutory tolling while a petitioner gathers evidence to support his petition when the factual predicate for claim that the evidence supported was known to the petitioner at an earlier date).

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period.  Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed in part as time-barred and denied in part.

### IV.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 17th day of January, 2008.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE